LAW OFFICE OF MARK E. MERIN
Mark E. Merin, SBN 043849
Jeffrey I. Schwarzschild, SBN 192086
2001 P Street, Suite 100
Sacramento, CA 95814
Telephone: 916/443-6911
Facsimile: 916/447-8336
E-Mail: mark@markmerin.com

Attorneys for Plaintiffs

—o0o—

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| JASMINE TAGGART, a minor, by and through her Guardian Ad Litem, her custodial parent, Barbara Perry; on behalf of themselves and all those similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>SOLANO COUNTY; SOLANO COUNTY CHIEF PROBATION OFFICER GEMMA GROSSI, in her individual and official capacity; SOLANO COUNTY JUVENILE HALL SUPERINTENDENT GLADYS MOORE, in her individual and official capacity; and DOES 1 THROUGH 150,<br><br>     Defendants. | CASE NO:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFFS ALLEGE:

### INTRODUCTION

This is an action for declaratory and injunctive relief, damages, and punitive damages against SOLANO COUNTY, SOLANO COUNTY CHIEF PROBATION OFFICER GEMMA GROSSI, in her individual and official capacity, SOLANO COUNTY JUVENILE HALL SUPERINTENDENT GLADYS MOORE, in her individual and official capacity; and DOES 1 THROUGH 150 (persons sued herein by their fictitious names) for violations of plaintiffs'

constitutional rights resulting from application of SOLANO COUNTY's policies, practices, and customs concerning the use of strip searches and visual body cavity searches in the SOLANO COUNTY Juvenile Detention Center. Plaintiff, on behalf of herself and all those similarly situated, seeks an order declaring illegal defendants' policy of subjecting juvenile detainees to strip and visual body cavity searches before such detainees have appeared at a detention hearing and without having any reasonable suspicion that the searches will be productive of contraband.

Defendants' strip and visual body cavity search policies, practices, and customs violated and violate the rights of plaintiff, and each of those persons similarly situated, secured by the Fourth and Fourteenth Amendments to the U.S. Constitution and entitles plaintiff, and all of those similarly situated, to recover damages under the Federal Civil Rights Act (42 U.S.C. § 1983).

Additionally, plaintiff includes claims and a prayer for damages under California state law against individual defendants for violation of the Unruh Civil Rights Act (California Civil Code § 52.1(b)) pursuant to which she is, and each of those persons similarly situated are, entitled to recover a minimum of $4,000 for each violation of rights secured to them by the Constitution or laws of the state of California and the Constitution or laws of the United States, and for violation of California Penal Code section 4030's prohibition of pre-detention hearing strip-searches, pursuant to which plaintiff is, and each of those persons similarly situated are entitled to recover minimum damages of $1,000 and attorneys' fees.

## JURISDICTION

1. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.

2. Under 28 U.S.C. § 1367(a) the court has supplemental jurisdiction over plaintiff's state claims, which are made on behalf of herself and on behalf of all others similarly situated.

3. The amount in controversy exceeds $10,000, excluding interest and costs.

## PARTIES

4. Plaintiff JASMINE TAGGART, like all those similarly situated, is, and at all material times herein, was a citizen of the United States and a resident of the state of California who was

arrested while a juvenile and who was subjected to strip and/or visual body cavity searches at SOLANO COUNTY's Juvenile Detention Center, prior to appearing at a detention hearing and/or without the defendants first having a reasonable suspicion that the search would be productive of contraband or weapons. She was born on November 22, 1988.

5. Defendant SOLANO COUNTY CHIEF PROBATION OFFICER GEMMA GROSSI is, and at all material times referred to herein, was responsible for administering SOLANO COUNTY's juvenile detention facilities and for making, overseeing, enforcing, and implementing the policies, practices, and customs challenged herein relating to the operation of SOLANO COUNTY's Juvenile Detention Center. Defendant GROSSI's role in making, promulgating, overseeing, enforcing, and implementing the policies, practices, and customs challenged herein are a direct and proximate cause of the damages claimed by plaintiffs. Defendant GROSSI is sued in her individual and official capacities.

6. Defendant SOLANO COUNTY JUVENILE HALL SUPERINTENDENT GLADYS MOORE is, and at all material times referred to herein, was responsible for assisting in the administration and overseeing the operation of SOLANO County's juvenile detention facilities and for assisting in making, overseeing, enforcing, and implementing the policies, practices, and customs challenged herein relating to the operation of SOLANO COUNTY's Juvenile Detention Center. Defendant MOORE's role in making, promulgating, overseeing, enforcing, and implementing the policies, practices, and customs challenged herein are a direct and proximate cause of the damages claimed by plaintiffs. She is sued in her individual and official capacities.

7. Plaintiff is informed and believes, and thereon alleges that defendants sued herein by their fictitious names (DOES 1 through 150) are SOLANO COUNTY Probation Officers and/or other persons employed by the defendant SOLANO COUNTY who, as part of their duties at the SOLANO COUNTY Juvenile Detention Center, subjected plaintiff, and all those similarly situated, to pre-detention hearing strip and/or visual body cavity searches without first having a reasonable suspicion that the searches would be productive of contraband or weapons. Plaintiff is not currently aware of the true names and identities of those sued herein as DOES 1 through 150, but will amend this complaint to include such persons' real names once said names are made available.

8. At all material times mentioned herein, each of the defendants was acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of California, SOLANO COUNTY, and/or the Solano County Probation Department.

9. Defendant SOLANO COUNTY is, and at all material times referred to herein, was, a division of the state of California, that maintained or permitted an official policy, custom, or practice causing or permitting the occurrence of the types of wrongs complained of herein, which wrongs damaged plaintiff, and all those similarly situated, as herein alleged. Plaintiff's allegations against the COUNTY are based on acts and omissions of the CHIEF PROBATION OFFICER, the JUVENILE HALL SUPERINTENDENT, and their officers, and on acts and omissions of persons who are COUNTY employees, and on the COUNTY's breach of its duty to protect plaintiff, and all those similarly situated, from the wrongful conduct of said persons and employees.

10. Defendants SOLANO COUNTY CHIEF PROBATION OFFICER GEMMA GROSSI, in her individual and official capacity, and SOLANO COUNTY JUVENILE HALL SUPERINTENDENT GLADYS MOORE, in her individual and official capacity, also created, maintained, enforced, and/or permitted an official policy or custom or practice causing the occurrence of the types of wrongs complained of herein, which wrongs damaged plaintiff, and all those similarly situated, as herein alleged.

11. Class action plaintiffs are those similarly situated juveniles who have not yet reached adulthood or who have turned 18 within two years of the filing of this complaint and who were subjected by defendants to pre-detention hearing strip and/or visual body cavity searches without defendants having a reasonable suspicion that the searches would be productive of contraband or weapons.

**FACTS**

12. On or about October 27, 2003, plaintiff JASMINE TAGGART, a minor, was picked up as a runaway and transported to the SOLANO COUNTY Juvenile Hall and there, prior to a detention hearing, pursuant to defendants' blanket policy and practice, was subjected to visual body cavity searches in violation of California Penal Code § 4030, the state constitution's guarantee of the right of privacy, the Fourth and Fourteenth Amendments to the United States Constitution, and

the Bane Act (California Civil Code § 52.1).

13.  Plaintiff is informed and believes, and thereon alleges, that defendants had no reasonable suspicion that a strip or visual body cavity search of plaintiff would result in the discovery of contraband or weapons.

14.  On or about September 17, 2004, plaintiff file a government Tort Claim with SOLANO COUNTY, on behalf of herself and the class she seeks to represent, describing her claim arising out of being strip searched at the SOLANO COUNTY Juvenile Hall. A copy of her claim is attached hereto as Exhibit "1". The claim was denied as a late claim on October 19, 2004. On February 23, 2005, the Solano County Superior Court issued a tentative ruling that "[t]he petition for relief from the claims filing requirements is granted as to Petitioner JASMINE TAGGART and as to those persons in the proposed class whose alleged injuries arose on or after the date Petitioner's claim arose (October 27, 2003), but excluding any person who was not a minor during the entire time that their claim could have been timely presented." Unopposed, that tentative ruling became the final ruling of the Solano County Superior Court on plaintiff's petition for relief from the government claim filing requirements.

15.  Plaintiff is informed and believes, and thereon alleges, that defendants routinely follow their policy, practice, and custom of subjecting pre-detention hearing juvenile detainees, including plaintiff, to strip and visual body cavity searches, without having a reasonable suspicion that the searches will be productive of contraband or weapons.

16.  Plaintiff is informed and believes, and thereon alleges, that defendants have the ability to identify all such similarly situated plaintiffs, specifically those who are still juveniles or who were juveniles within two years of the filing of this complaint and who, while in defendants' custody at the SOLANO COUNTY Juvenile Detention Facility, were subjected to strip searches and/or visual body cavity searches prior to appearing at a detention hearing without defendants first having a reasonable suspicion that the searches would be productive of contraband or weapons and/or after having been strip searched without reasonable suspicion were thereafter strip searched repeatedly without there being an opportunity to acquire contraband or weapons which might be discovered during further strip searches.

17. Defendants GROSSI and MOORE and defendants DOES 1 through 10 are jointly and severally personally responsible for the promulgation, enforcement, and continuation of the strip search policies, practices, and customs pursuant to which plaintiff herein, and the persons in the class plaintiff purports to represent, were subjected to pre-detention hearing strip searches, and by which plaintiff and the class plaintiff purports to represent were harmed.

18. Defendants DOES 11 through 150 are personally responsible for strip searching plaintiff, and others similarly situated, prior to a detention hearing without reasonable suspicion that a strip search would be productive of contraband or weapons in violation of state and federal statutory and constitutional law; and/or, strip searching plaintiff, and those she seeks to represent, repeatedly without there being an opportunity to acquire contraband or weapons after a strip search based on reasonable suspicion.

19. As a result of being subjected to the searches complained of herein, plaintiff and all those similarly situated have suffered physical, mental, and emotional distress, invasion of privacy, and violation of due process of law and federal and state statutory and constitutional rights, and are entitled to recover damages according to proof, including exemplary damages.

## CLASS CLAIMS

20. The strip and visual body cavity searches to which plaintiff, and each of those similarly situated, was subjected were performed pursuant to policies, practices, and customs of defendants, and each of them. The searches complained of herein were performed without regard to the nature of the alleged offense for which plaintiff, and each of those similarly situated, had been arrested, without regard to whether or not plaintiff, and each of those similarly situated, was eligible for release under Welfare & Institutions Code §§ 628 et seq. Furthermore, the searches complained of herein were performed without defendants having a reasonable belief that plaintiff, or those similarly situated, possessed weapons or contraband, or that there existed facts supporting a reasonable belief that the searches would produce contraband.

21. Plaintiff brings this action on her own behalf and on behalf of all persons similarly situated pursuant to Rule 23, Federal Rules of Civil Procedure.

\\\

22. The class is defined to include all persons who are currently juveniles or who reached the age of majority within two years of filing of this complaint, and who were arrested and subjected to a pre-detention hearing strip and/or visual body cavity search at SOLANO COUNTY's Juvenile Detention Facility without defendants having a reasonable suspicion that the searches would be productive of contraband or weapons.

23. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the members of the class are so numerous that joinder of all members is impractical. Plaintiff does not know the exact number of class members. Plaintiff is informed and believes, and thereupon alleges, that there are more than 25 persons per day who are detained by defendants and/or in the custody of defendants and subjected to the searches complained of herein as a result of defendants' policy, practice, and custom relating to said searches. Plaintiff is informed and believes, and therefore alleges, that there are thousands of persons in the proposed class.

24. In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiff is informed and believes, and thereupon alleges, that there are many questions of fact common to the class including, but not limited to: (1) whether defendants routinely subject all juveniles arrested to visual body cavity searches prior to appearance at a detention hearing; (2) whether persons are subjected to visual body cavity searches prior to detention hearings without there being any reasonable suspicion, based on specific or articulable facts, to believe any particular arrestee has concealed drugs, weapons, and/or contraband in body cavities which could be detected by means of a visual body cavity search; (3) whether the visual body cavity searches are conducted in an area of privacy so that the searches cannot be observed by persons not participating in the searches, or whether the visual body cavity searches are conducted in open areas and/or areas monitored by video surveillance equipment so that those being searched may be observed by persons not participating in the searches; (4) whether strip searches are performed repeatedly, such that following one strip search, a juvenile is strip-searched again even though there was no opportunity for the juvenile searched to acquire contraband or weapons; and, (5) whether the visual body cavity searches are reasonably related to defendants' penological interest to maintain the security of the juvenile detention facility and whether or not there are less intrusive methods for protecting any such interest.

25. In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiff is informed and believes, and thereupon alleges, that there are many questions of law common to the class including, but are not limited to: (1) whether defendants may perform visual body cavity searches on juveniles prior to their detention hearings without reasonable suspicion, based on specific or articulable facts, to believe any particular detainee has concealed drugs, weapons and/or contraband which would likely be discovered by a visual body cavity search; (2) whether defendants may perform visual body cavity searches on juveniles without first reasonably relating the use of the visual body cavity search to defendants' penological interest to maintain the security of the juvenile detention facility and determining if there is a less intrusive method to protect that interest; (3) whether visual body cavity searches may be conducted in areas where the search can be observed by people not participating in the search without violating plaintiff's Federal and State constitutional rights; (4) whether defendants may perform repetitious strip searches without the juvenile searched having had an opportunity to acquire contraband or weapons; and, (5) whether or not defendants' strip search policy, custom, and procedure is in accordance with the laws of the State of California and the State and Federal Constitutions.

26. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the claims of the representative plaintiff is typical of the class. Plaintiff was subjected to strip and visual body cavity searches, prior to her detention hearings, without reasonable suspicion that strip or visual body cavity searches would produce drugs, weapons or contraband. Representative plaintiff has the same interests and suffered the same type of injuries as all of the class members. Plaintiff's claims arose because of defendants' policy, practice, and custom of subjecting arrestees to strip and/or visual body cavity searches prior to detention hearings without having, and recording in writing, a reasonable suspicion that the search would be productive of contraband or weapons. Plaintiff's claims are based upon the same legal theories as the claims of the class members. Each class member suffered actual damages as a result of being subjected to a strip or visual body cavity search. The actual damages suffered by the representative plaintiff is similar in type and amount to the actual damages suffered by each class member, in that each member of the class is entitled to minimum damages of $1,000 under Penal Code Section 4030(p) and $4,000 under Civil Code Section 52(a).

27. In accordance with Federal Rules of Civil Procedure, Rule 23(a), the representative plaintiff will fairly and adequately protect the class interests. The representative plaintiff's interests are consistent with and not antagonistic to the interests of the class.

28. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(A), prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

29. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

30. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(2), plaintiff is informed and believes, and thereupon alleges, that defendants have acted on grounds generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief with respect to the class as a whole.

31. In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), this class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties. Plaintiff is informed and believes, and thereupon alleges, that the interests of members of the class in individually controlling the prosecution of a separate action is low, in that most class members would be unable individually to prosecute any action at all. Plaintiff is informed and believes, and thereupon alleges, that the amounts at stake for individuals are so small that separate suits would be impracticable. Plaintiff is informed and believes, and thereupon alleges, that most members of the class will not be able to find counsel to represent them. Plaintiff is informed and believes, and thereupon alleges, that it is desirable to concentrate all litigation in one forum because all of the claims arise in the same location; i.e., SOLANO COUNTY. It will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple courts.

32.     Plaintiff does not know the identities of all of the class members.  Plaintiff is informed and believes, and thereupon alleges, that the identities of the class members may be ascertained from records maintained by defendant SOLANO COUNTY, its Probation Department, and defendants GROSSI and MOORE.  Plaintiff is informed and believes, and thereupon alleges, that defendants' records reflect the identities, including addresses and telephone numbers, of the persons who have been held in custody in the SOLANO COUNTY Juvenile Detention Facility.  Plaintiff is informed and believes, and thereupon alleges, that records maintained by defendants reflect who was subjected to a strip and/or visual body cavity search, when the search occurred, where the search occurred, whether any reasonable suspicion for the search existed, when persons searched appeared at detention hearings, and the charges on which such persons were arrested.  Plaintiff is informed and believes, and thereupon alleges, that all of the foregoing information is contained in defendants' computer system and that the information necessary to identify the class members, by last known addresses, and the dates and reasons for their arrests and/or release from custody, is readily available from said computer system.

33.     In accordance with Federal Rules of Civil Procedure, Rule 23(c)(2)(B), class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  Plaintiff is informed and believes, and thereupon alleges, that defendants' computer records contain a last known address for class members.  Plaintiff contemplates that individual notice will be given to class members at such last known address by first class mail.  Plaintiff contemplates that the notice will inform class members of the following:

      i.     The nature of the action;

      ii.    The definition of the class certified;

      iii.   The class claims and issues;

      iv.    That a class member may enter an appearance through counsel if the member so desires;

      v.     That the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and,

      vi.    The binding effect of a class judgment on class members.

## COUNT ONE
(Violation of Fourth and Fourteenth Amendments to the U.S. Constitution on Behalf of Plaintiff and All Persons Similarly Situated and Against All Defendants and Each of Them)

34. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

35. Defendants' policies, practices, and customs regarding the strip and visual body cavity searches complained of herein violated the rights of plaintiff, and the rights of each of those similarly situated, under the Fourth Amendment to be free from unreasonable searches and seizures, violated the rights of plaintiff, and the rights of each of those similarly situated, to due process and privacy under the Fourteenth Amendment, and directly and proximately damaged plaintiff, and each of those similarly situated, as herein alleged, entitling plaintiff, and all those similarly situated, to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

WHEREFORE, plaintiff, on behalf of herself and on behalf of all those similarly situated, prays for relief as hereunder appears.

## COUNT TWO
(Violation of the California Civil Code § 52.1, on Behalf of Plaintiff, and All Persons Similarly Situated, and Against Defendants GROSSI and MOORE and the Individual Defendants Fictitiously Named Who Strip Searched Plaintiff, and Others Similarly Situated)

36. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

37. By requiring plaintiff, and all those similarly situated, to submit to pre-detention hearing visual body cavity searches without first having reasonable suspicion that such searches would be productive of weapons or contraband, recording such reasonable suspicion, and having such searches approved in writing by a supervisor prior to conducting such searches; and/or by conducting visual body cavity searches in areas where the searches were viewed by persons who were not participating in the searches, defendants, and each of them, have coerced and interfered with plaintiff's, and those she represents, California Constitutional Right to Privacy (Article I, Section 1) and Statutory Rights (Penal Code section 4030, which prohibits pre-detention hearing strip searches of juveniles charged with minor offenses and misdemeanors, without reasonable

suspicion, recorded in writing and approved by a supervisor).

38. Plaintiff, and each of those similarly situated, was harmed by defendants' coercion and interference with her, and each of those similarly situated's, aforementioned constitutional and statutory rights.

39. By using coercion to interfere with plaintiff's aforementioned constitutional and statutory rights, and the constitutional and statutory rights of all those similarly situated, defendants, and each of them, have violated the California Bane Act (Cal. Civil Code § 52.1).

40. Defendants' violations of the Bane Act makes them liable to each plaintiff for damages up to a maximum of three times the amount of each plaintiff's actual damages, but in no event less than four thousand dollars ($4,000), together with any attorney's fees and costs that may be determined by the court.

WHEREFORE, plaintiff, on behalf of herself and on behalf of all those similarly situated, prays for relief as hereunder appears.

**COUNT THREE**

(Violation of California Penal Code Section 4030 on Behalf of Plaintiff, and All Persons Similarly Situated, and Against All Defendants, and Each of Them)

41. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

42. Defendants' policies, practices, and customs regarding the strip and visual body cavity searches complained of herein violated California Penal Code Section 4030, and directly and proximately damaged plaintiff, and each of those similarly situated, as herein alleged, entitling plaintiff, and all those similarly situated, to recover damages for said constitutional violations pursuant to Penal Code § 4030(p) of no less than $1,000..

WHEREFORE, plaintiff, on behalf of herself and on behalf of all those similarly situated, prays for relief as hereunder appears.

\\\
\\\
\\\

## COUNT FOUR

(For Exemplary Damages on Behalf of Plaintiff, and All Persons Similarly Situated, and Against Defendants GROSSI and MOORE in their individual capacity and All Individual Fictitiously Named Defendants, and Each of Them)

43. Plaintiff hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

44. Plaintiff, and each of those similarly situated, was a minor at the time defendants subjected them to the humiliating, degrading, and unlawful strip searches complained of herein. Defendants exploited the young age of plaintiff, and all those similarly situated, to coerce plaintiff, and the members of the class she represents, to comply with their unlawful demands. Defendants' conduct was oppressive, malicious, and done in complete disregard of the well-established rights of plaintiff, and all those similarly situated; and, therefore plaintiff, and each of those similarly situated, is entitled to recover, in addition to actual damages, damages to make an example of and to punish defendants, and each of them.

WHEREFORE, plaintiff, on behalf of herself and on behalf of all those similarly situated, pray for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of herself and on behalf of all those similarly situated, seek judgment as follows:

1. For declaratory and injunctive relief declaring illegal and enjoining, preliminarily and permanently, defendants' policies, practices, and customs of subjecting pre-detention hearing juvenile detainees to strip and visual body cavity searches without having a reasonable suspicion, which is recorded in writing and approved by a supervisor, that such searches would be productive of contraband or weapons;

2. Certification of the action as a class action;

3. For compensatory, general, and special damages for each representative and for each member of the class of plaintiffs, as against all defendants;

4. For enhanced minimum damages under the California Bane Act for each violation of the federal and state constitutional and statutory rights of plaintiff, and each of those she

represents;

5. Exemplary damages as against each of the individual defendants in an amount sufficient to deter and to make an example of those defendants;

6. Attorneys' fees and costs under 42 U.S.C. § 1988, California Penal Code § 4030(p), and California Civil Code §§ 52 et seq.; and,

7. The cost of this suit and such other relief as the court finds just and proper.

A JURY TRIAL IS HEREBY DEMANDED.

DATED:  April 21, 2005            Respectfully submitted,

           LAW OFFICE OF MARK E. MERIN

           "/s/ - Mark E. Merin"

BY:_____
      Mark E. Merin
      Attorneys for Plaintiffs

S:\WpWork\Strip Search Cases\JV SS\Taggart, Jasmine\Pleadings\Class Action Complaint.wpd