**PORTER, SCOTT, WEIBERG & DELEHANT**
A Professional Corporation
Terence J. Cassidy, SBN 099180
Keith E. Nourot, SBN 221122
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (Facsimile)

Attorneys for Defendants SOLANO COUNTY; SOLANO COUNTY CHIEF PROBATION OFFICER GEMMA GROSSI and SOLANO COUNTY JUVENILE HALL SUPERINTENDENT GLADYS MOORE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE TAGGART, a minor, by and through her Guardian Ad Litem and custodial parent Barbara Perry, on behalf of themselves and all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOLANO COUNTY; SOLANO COUNTY CHIEF PROBATION OFFICER GEMMA GROSSI, in her individual and official capacity; SOLANO COUNTY JUVENILE HALL SUPERINTENDENT GLADYS MOORE, in her individual and official capacity; and DOES 1 THROUGH 150,<br><br>Defendants.<br>_____/ | Case No.: 2:05-cv-00783-DFL-GGH<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**DATE:** August 24, 2005<br>**TIME:** 10:00 a.m.<br>**JUDGE:** David F. Levi<br>**CTRM:** 7 |

**TABLE OF CONTENTS**

**Cases**

I      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II      THE STATE LAW CLAIMS OF PLAINTIFF ARE BARRED BECAUSE PLAINTIFF FAILED TO TIMELY FILE HER ACTION . . . . . . . . . . . . . . . . . . 2

III      THE IMMUNITIES IN THE CALIFORNIA TORT CLAIMS ACT BAR CLAIMS ARISING UNDER CALIFORNIA PENAL CODE § 4030 AND CIVIL CODE §52.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       A.      Government Code §844.6 Provides Immunity To SOLANO COUNTY For Any Alleged Injuries of Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

             1.      The Clear Meaning of California Government Code Section 844.6 Demonstrates That the County Is Entitled to Immunity . . . . . . . . . . 3

             2.      Plaintiffs Were "Prisoners" During the Entire Time That They Allege They Were Injured . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

             3      Government Code Section 844.6 is Not Rendered Inapplicable by Penal Code Section 4030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       B.      There is no "Mandatory Duty" That Abrogates The Discretionary Immunity Set Forth in Government Code Sections 820.2 & 821 . . . . . . . . . . . . . . . . . . . . 9

       C.      The Discretionary Immunity Set Forth In California Government Code Section 820.2 and 821 is Not Rendered Inapplicable by Penal Code Section 4030 and/or Civil Code Section 52.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

       D.      Government Code Section 820.8 Grants Immunity To Defendants GROSSI and/or MOORE For Claims Arising Under California Law . . . . . . . . . . . 14

       E.      The Plain Statutory Language and Purpose of California Civil Code Section 52.1 Precludes Class Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

IV      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
00380153.WPD      - i -

# TABLE OF AUTHORITIES

**Cases**

Alejo v. City of Alhambra
    75 Cal.App.4th 1180 (1999) .................................................. 10, 10

Aphelian v. County of Los Angeles
    266 Cal.App.3d 550 (1968) .................................................... 3, 4

Caldwell v. Montoya,
    10 Cal.4th 972, 985 (1995) .......................................... 1, 8, 11, 12, 13

Clausing v. San Francisco Unified School District,
    221 Cal.App.3d 1224, 1239 (1990) ............................................ 9, 10

Doe v. Petaluma City Sch. Dist.
    830 F. Supp. 1560 (N.D. Cal. 1993) ........................................... 9, 10

Hart v. County of Orange,
    254 Cal.App.2d 302 (1967) .................................................... 3, 4

In Re Christian S.,
    7 Cal.4th 768, 776 (1994) ....................................................... 15

Jiminez v. County of Santa Cruz,
    42 Cal.App.3d 407, 413 (1977) ................................................... 6

Martinez v. Cahill,
    215 Cal.App. 2d 823, 824 (1963) ................................................ 15

May v. County of Monterey
    139 Cal.App.3d 717, 720-21 (1983) ............................................... 6

McDonough Power Equipment Co. v. Superior Court
    8 Cal. 3d 527, 534, n. 5 (1971) .................................................. 3

Nahrstedt v. Lakeside Village Condominium Assn.
    8 Cal. 4th 361, 380 (1994) ...................................................... 3

People v. Flores
    30 Cal.4th 1059, 1063 (2003) (citations omitted) ................................. 3

People v. Mearns
    97 Cal.App.4th 493 (2000) ....................................................... 3

People v. Oates
    32 Cal. 4th 1048, 1057 (2004) ................................................... 5

Reed v. County of Santa Cruz
    (1995) 37 Cal.App.4th 1274 ...................................................... 7

Sanders v. County of Yuba
    247 Cal.App.2d 758 (1967) ..................................................... 3, 4

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

Shoemaker v. Myers
    2 Cal.App.4th 1507 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11, 13

Southern California Rapid Transit Dist. V. Superior Court
    30 Cal.App.4th 713 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11

Teter v. City of Newport Beach
    30 Cal.4th 446, 454-55 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Wolfson v. Wheeler
    130 Cal.App. 475, 482, 19 P.2d 1004, 1008 (1933) . . . . . . . . . . . . . . . . . . . . . . . . 14

**California Statutes**

California Government Code section 820.2 . . . . . . . . . . . . . . . . . . 9, 10, 11, 12, 13, 14, 15
California Government Code section 821 . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12, 14, 15
Civil Code section 52.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 12, 13, 14, 16, 17
Civil Code section 52.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
Civil Code section 52.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16
Code of Civil Procedure section 367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
Education Code section 49000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
Education Code section 49001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
Government Code section 815.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11
Government Code section 820.8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16
Government Code section 844.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5, 6, 8, 9, 10
Government Code section 844.6(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7
Government Code section 911.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Government Code section 945.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Government Code section 945.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Government Code section 945.6(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Government Code section 946.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Government Code section 946.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Government Code section 946.6(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Government Code section 946.6(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Penal Code section 7(21) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Penal Code section 844 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Penal Code section 844.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7
Penal Code section 3500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Penal Code section 4030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6, 7, 8, 11, 12, 13, 15
Penal Code section 4030(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Penal Code section 4030(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Penal Code section 4030(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Penal Code section 4030 (n) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13
Penal Code section 4030(p) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Penal Code section 845.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Penal Code section 11166(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
00380153.WPD
- iii -

Defendants COUNTY OF SOLANO, SOLANO COUNTY CHIEF PROBATION OFFICER GEMMA GROSSI and SOLANO COUNTY JUVENILE HALL SUPERINTENDENT GLADYS MOORE hereby reply to Plaintiff's Opposition to Defendants Motion to Dismiss submit the following Memorandum of Points & Authorities in support thereof.

## I.

## INTRODUCTION

Plaintiff has failed to establish that her claims arising under state law are not barred by the applicable statute of limitations. The California Government Code establishes a specific procedure for submitting an application to present a late claim and subsequently petitioning an appropriate court for relief. Plaintiff did mtn follow the specific requirements to timely file her action and, therefore, her claims are barred.

Additionally, assuming *arguendo* the court considers the claims of Plaintiff timely submitted, those claims are barred by the statutory immunities set forth in the Government Code. Plaintiff asserts novel arguments that the immunities asserted by Defendants are inapplicable because those immunities would render Penal Code section 4030 and Civil Code section 52.1 a "nullity'" and, thus, the specific provisions of those sections prevail over the more general provisions of the Tort Claims Act. The California Supreme Court in <u>Caldwell v. Montoya</u>, however, set forth a specific analysis for determining the applicability of the immunities set forth in the Government Code. Pursuant to that analysis, once a general actionable duty is established (common law or statutory), the Tort Claims Act immunities erect a separate hurdle of immunity beyond the threshold of actionable duty. Furthermore, the California Supreme Court specifically distinguished the two appellate opinions relied upon by Plaintiff for her novel position. Therefore, the immunities set forth in the California Government Code bar the claims of Plaintiff.

///

///

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**II.**

**THE STATE LAW CLAIMS OF PLAINTIFF ARE BARRED BECAUSE PLAINTIFF FAILED TO TIMELY FILE HER ACTION**

The argument of Plaintiff that her claim is not barred by the failure to timely file her Complaint within thirty days of the Superior Court's order granting relief from the tort claim presentation requirements is without merit in law and fact.

The plain statutory requirements governing the time to file a Complaint after the court hears a Petition for Relief from the Claim Filing Requirements are clear. "If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4." Cal.Gov.Code §946.6(a). "If the court makes an order relieving the petitioner from Section 945.4, suit on the cause of action to which the claim relates shall be filed with the court within 30 days thereafter." Cal.Gov.Code §946.6(f).

Nevertheless, Plaintiff argues that the time periods which govern this case are found in Government Code section 945.6 which extends the time to file a Complaint where the public entity fails to provide written notice of a timely claim. Plf's Opp'n 9:2-9. However, Section 945.6 is not applicable where a plaintiff has filed a Petition for Relief pursuant to Government Code section 844.6 because it is prefaced with, "[e]xcept as provided in Sections 946.4 and 946.6..." Cal.Gov.Code §945.6(a). Additionally, Section 946.6 requires that "suit on the <u>cause of action to which the claim relates</u> shall be filed with the court within 30 days..." Cal.Gov.Code §946.6(f). The statute creates a 30 day statute of limitation for a plaintiff to file a cause of action to which a *claim* relates, not to which an application for leave to file a late claim relates. Thus, the 30-day limitations period in Section 946.6 is an exception to the limitations periods of Section 945.6. Here, it is undisputed that Plaintiff filed a Petition for Relief pursuant to the Section 844.6. Therefore, because Plaintiff failed to file her action within the 30-day statute of limitations, she is barred from asserting any claims arising under state law.

LAW OFFICES OF
**PORTER, SCOTT, WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
00380153.WPD
- 3 -

## III.

## THE IMMUNITIES IN THE CALIFORNIA TORT CLAIMS ACT BAR CLAIMS ARISING UNDER CALIFORNIA PENAL CODE § 4030 AND CIVIL CODE §52.1

**A.   Government Code §844.6 Provides Immunity To SOLANO COUNTY For Any Alleged Injuries of Plaintiffs**

   **1.   The Clear Meaning of California Government Code Section 844.6 Demonstrates That the County Is Entitled to Immunity**

In interpreting a statute, the Court's "primary task is to determine the legislature's intent." People v. Mearns, 97 Cal.App.4th 493 (2000). In that regard,

> [t]he meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible... the intent prevails over the letter, and the letter will, if possible, be read so as to conform to the spirit of the act.

Id. "We begin with the fundamental premise that the objective of statutory interpretation is to interpret the legislative intent. To determine legislative intent, we turn first, to the words of the statute, giving them their unusual and ordinary meaning. When the language of a statute is clear, we need go no further." People v. Flores, 30 Cal.4th 1059, 1063 (2003) (citations omitted). Additionally, a material alteration in the phrasing of a statue signals the Legislature's intent to give the enactment a new meaning. Nahrstedt v. Lakeside Village Condominium Assn., 8 Cal. 4th 361, 380 (1994); McDonough Power Equipment Co. v. Superior Court, 8 Cal. 3d 527, 534, n. 5 (1971).

   Section 844.6 grants a specific immunity to a public entity for any injury to a prisoner. Gov. Code §844.6(a)(2). Plaintiff contends, however, that the holdings in Aphelian v. County of Los Angeles, 266 Cal.App.3d 550 (1968); Hart v. County of Orange, 254 Cal.App.2d 302 (1967); and Sanders v. County of Yuba, 247 Cal.App.2d 758 (1967) divest the COUNTY of the immunity afforded by Section 844.6 of the Government Code because "the general immunity from liability for injuries to prisoners given public entities by §844.6 does not impliedly repeal or limit other *statutory* protections in Penal Code §4030 and provisions of the California Constitution guaranteeing the right to privacy." Plf's Opp'n at 12 (emphasis in original). Plaintiff's argument overstates the holding in those cases. In fact,

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00380153.WPD

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
- 4 -

those cases support Defendants' position that unless the conduct complained of fits into an explicit *exception* to Section 844.6, the immunity applies to the COUNTY.

In Hart, Sanders and Aphelian the respective courts held that the immunity provision of Section 844.6 did not supercede the liability provision of Section 845.6, which provided for specific liability against a public entity for failure to reasonably summon medical attention for a prisoner. Hart, 254 Cal.App.2d at 306; Sanders, 247 Cal.App.2d at 748; Aphelian, 266 Cal.App.2d at 553. The Hart court reasoned that the phrase "[n]otwithstanding any other provisions of law" did not apply to Section 845.6 because it was a "newly defined duty not applicable to private persons, created by the Legislature as a special burden to be borne by public entities under limited circumstances." Id. Hart at 306. Subsequent to the holding in Hart, however, the Legislature amended Section 844.6 to specifically clarify which provisions of California law were excepted from the immunity of Section 844.6. See Cal.Gov.Code §844.6, Official Comment to the 1970 Amendment. The Legislature added five specific exceptions to the general immunity provision of Section 844.6. Id.[1] Relying on Hart, the Legislature specifically listed Section 845.6 as an exception to the immunity provision of Section 844.6. However, the Legislature never subsequently amended Section 844.6 to include Penal Code section 4030[2] as specific exceptions to the immunity provided therein.

Additionally, the inclusion of Title 2.1 (commencing with *Section 3500*) of the Penal Code in section 844.6 further demonstrates the Legislature did not intend to create an exception to the immunity of Section 844.6 for claims arising under Penal Code section 4030.

---

[1] California Government Code section 844.6 states, in pertinent part "except as provided in this section and in Sections 814, 814.2, 845.6, and 845.6, or in the Title 2.1 (commencing with Section 3500) of Part 3 of the Penal Code, a public entity is not liable."

[2] The Legislature also never added a specific statutory exception for Civil Code section 52.1. Since Plaintiffs concede that their claims arising under Civil Code section 52.1 are only asserted against individual defendants, however, there is no need to separately analyze whether Government Code section 844.6 immunizes a public entity for claims asserted under Civil Code section 52.1. See Pls' Opp'n 16.

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
00380153.WPD                    - 5 -

1  When the Legislature enacted Penal Code section 3500 it specifically amended Government
2  Code section 844.6 to include "Title 2.1 (commencing with *Section 3500*) *of Part 3 of the*
3  *Penal Code*" as one of the express exceptions to immunity.  See Stats. 1977 ch. 1250 §2
4  (amending Section 844.6 of the Government Code); see also Stats. 1977 ch. 1250 §3 (adding
5  §3500 *et seq.* to the Penal Code).  Thus, the Legislature clearly intended to exclude claims
6  arising under Penal Code section 3500 *et seq.* from the immunity provided in Government
7  Code Section 844.6.  The Legislature did not include a similar exception when it enacted
8  Penal Code section 4030.  Therefore, the doctrine of *expressio unis est exclusio alterius* (the
9  expression of one thing is the exclusion of another), is applicable and precludes the court
10 from creating a statutory exception where the Legislature failed to do so.  See People v.
11 Oates 32 Cal. 4th 1048, 1057 (2004).

12       Plaintiff also cites the seminal text California Government Tort Liability Practice to
13 support her argument.  Specifically, Plaintiff cites the following passage: "The general
14 immunity of public entities from liability for injury to prisoners, as provided by Government
15 Code § 844.6, does not apply to [the liabilities imposed by other specific statutes]."  Plf's
16 Opp'n 12:6-8 (modification in original).  Without Plaintiff's modification, however, the
17 quoted passage actually states, "[t]he general immunity of public entities from liability for
18 injury to prisoners, as provided by Government Code § 844.6, does not apply to the liabilities
19 discussed in this section."  Schwarzschild Dec. ex. 1 (emphasis added).  There is no
20 discussion of Penal Code section 4030 in "the liabilities discussed in this section" of the text
21 cited by Plaintiff.  Additionally, Plaintiff has not cited to the Fourth Edition (the most current
22 edition of California Government Tort Liability Practice) to support her position.  Thus, the
23 passage of the "seminal" text cited by Plaintiff is neither persuasive and/or instructive
24 because there is no reference to Penal Code section 4030 in the "liabilities discussed in this
25 section" and because it is out of date.[3]  Therefore, Plaintiff has failed to demonstrate that the

---

[3]Indeed, the Fourth Edition of the seminal text of Professor Van Alystyne lists several exceptions to section 844.6 which do not include Penal Code section 4030.  See Van Alystyne, California Government Tort Liability Practice, Fourth Edition, §11.31, Continuing

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
00380153.WPD                - 6 -

immunity of Government Code section 844.6 is inapplicable in light of Penal Code section 4030.

### 2. Plaintiffs Were "Prisoners" During the Entire Time That They Allege They Were Injured

Plaintiff clearly was a "prisoner" as contemplated by Section 844.6 of the California Government Code, which provides that, subject to limited exceptions, "[a] public entity is not liable for...[a]n injury to any prisoner." Gov. Code §844.6(a)(2)  Plaintiff contends that because the processing of juvenile detainees is a civil, not criminal, proceeding the term "prisoner" does not include them. Alternatively, Plaintiff argues that because she alleged that she was injured before she appeared before a judicial officer she had not become a "prisoner" under Section 844.6.

California Courts have held unequivocally that Section 844.6 applies to juveniles who are confined in a juvenile facility. Jiminez v. County of Santa Cruz, 42 Cal.App.3d 407, 413 (1977); see also May v. County of Monterey, 139 Cal.App.3d 717, 720-21 (1983). Additionally, the Legislative Committee comment to Section 844.6 explicitly states that "[t]he immunity provided to public entities by this section prevails over all other provisions of the statute. Thus, the public entity is immune from liability for injuries to prisoners (*which includes wards of the juvenile court*)." Jiminez, 42 Cal.App.3d at 409. (emphasis added) The Jiminez court concluded that regardless of Welfare and Institutions Code section 851 (stating that a juvenile hall "shall not be deemed to be nor be treated as a penal institution") that "if a ward is placed there he is 'a prisoner in the sense that he was in custody as the result of a legal process.'" Id. at 411. Therefore, regardless of whether "the processing of juvenile detainees is considered a civil, not a penal proceeding," California Courts have interpreted the statute to include juveniles as "prisoners" within the ambit of Section 844.6.

Plaintiff's argument that she was not a "prisoner" because the injuries she allege occurred before their detention hearing also must fail. This definition of "prisoner" plainly

---

Education of the Bar (November 2004 Update).

runs afoul of the statutory definition of a "prisoner" established by the Legislature:

> For the purposes of this chapter, a lawfully arrested person who is brought into a law enforcement facility for the purposes of being booked, as described in Section 7 of the Penal Code, becomes a prisoner, as a matter of law, upon his or her <u>initial entry</u> into a prison, jail or correctional facility, pursuant to penal processes.

Cal.Pen.Code §844 (emphasis added). "To 'book' signifies the recordation of an arrest in official police records, and the taking by the police of fingerprints and photographs of the person arrested, or any of these acts following an arrest." Pen. Code §7(21). A person is a "prisoner" pursuant to Section 844.6 once he or she becomes incarcerated as part of the penal process. see e.g. <u>Reed v. County of Santa Cruz</u>, (1995) 37 Cal.App.4th 1274 (holding that plaintiff became a "prisoner" pursuant to Section 844.6 when she was taken to jail pursuant to a warrant and placed in a holding cell); see also <u>Teter v. City of Newport Beach</u> 30 Cal.4th 446, 454-55 (2003). The allegations contained in Plaintiffs' First Amended Complaint all clearly occurred after Plaintiffs "initial entry" of Plaintiffs for the purposes of being booked. Plaintiff failed to demonstrate that a juvenile does not become a "prisoner" under Section 844.6 until he or she has had a detention hearing because a juvenile clearly becomes a prisoner upon "initial entry" to the juvenile hall. Therefore, Plaintiffs were "prisoners" at the time of their alleged injury and the immunity of Section 844.6 applies.

### 3    Government Code Section 844.6 is Not Rendered Inapplicable by Penal Code Section 4030

Plaintiff contends that "California courts examining similarly specific statutes [as Penal Code section 4030] have found them to trump the general immunities contained in the Government Code." Plf's Opp'n 15:10-11. Plaintiff supports her argument by citing several cases that generally discuss statutory construction, and <u>Shoemaker v. Myers</u>, 2 Cal.App.4th 1507 (1992) and <u>Southern California Rapid Transit Dist. V. Superior Court</u>, 30 Cal.App.4th 713 (1993), which specifically discuss the Tort Claims Act.[4]  The contention of Plaintiff is

---

[4] Neither <u>Southern California Rapid Transit District</u> or <u>Shoemaker</u> addressed the immunity of a public entity for injury to a prisoner set forth in Government Code section 844.6, but rather, address the discretionary immunity of a public employee set forth in

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
00380153.WPD                        - 8 -

fatally flawed because both Shoemaker and Southern California Rapid Transit Dist. were disapproved of in Caldwell v. Montoya, 10 Cal.4th 972 (1995), the seminal case discussing the applicability of the immunities set forth in the Tort Claims Act with respect to other rules of actionable duty found both in common law and in statute. Moreover, the California Supreme Court set forth an analysis that is directly contrary to the analysis advocated by Plaintiff.

"[T]he [Tort Claim] Act's purpose that *specific immunities* should prevail over *general rules of actionable duty* is made particularly clear in the provisions dealing with public employees." Caldwell v. Montoya, 10 Cal.4th 972, 985 (1995). Additionally, "the question of actionable duty is only a threshold issue, *beyond which* remain the immunity barriers." Id. (emphasis in original). The California Supreme Court held that the discretionary immunity set forth in Government Code section 820.2 "cannot be abrogated by a statute which simply imposes a general legal duty or liability on persons including public employees." Id. at 986. Where immunity exists, it is only removed "by a clear indication of legislative intent that *statutory immunity is withheld or withdrawn* in the particular case." Id.

Nevertheless, Plaintiff contends that "California courts examining similar specific statutes have found them to trump the general immunities contained in the Government Code." Plf's Opp'n 15:10-11. Plaintiff does not address the analysis set forth by the California Supreme Court in Caldwell v. Montoya anywhere in her opposition. Rather, Plaintiff argues that two Appellate Court cases, both of which were disapproved of by Caldwell, provide a different basis for overriding Section 844.6. See Caldwell, 10 Cal.4th at 851, n. 7. However, as noted above the Caldwell court came to the opposite conclusion. Thus, her contention that the District Court should apply the rule set forth in Shoemaker and Southern California Rapid Transit Dist. is fatally flawed because it improperly ignores the later decided rule set forth by the California Supreme Court. Therefore, the immunity set

---

Government Code section 820.2. Nevertheless, Plaintiff argues that these two cases provide a basis for overriding the immunity set forth in Section 844.6. Plf's Opp'n 15:10-11.

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
00380153.WPD                                       - 9 -

forth in California Government Code section 844.6 is plainly applicable and bars all claims arising under California law against Defendant SOLANO COUNTY.

**B.  There is no "Mandatory Duty" That Abrogates The Discretionary Immunity Set Forth in Government Code Sections 820.2 and 821**

In opposition to Defendants' Motion to Dismiss, Plaintiff does not argue that Defendants GROSSI and/or MOORE did not perform discretionary functions, but rather argues that Sections 820.2 and 821 are inapplicable to the case at hand. Plaintiff also argues that Government Code section 815.6 overrides the immunity of Government Code section 820.2 because "Defendants had no discretion to allow the complained of strip searches. . ." Plf's Opp'n 18.  However, it is well established that the California Government Code does not simply impose a mandatory duty not to violate the law.

> In order for Government Code section 815.6 to be applicable, the enactment must impose a *mandatory* duty, not a discretionary duty; neither must the enactment simply set forth a prohibition or a right, as opposed to an affirmative duty on the part of a government agency to perform some *act*.

Clausing v. San Francisco Unified School District, 221 Cal.App.3d 1224, 1239 (1990) (emphasis in original).  In Clausing, the plaintiff was a mentally disabled student who claimed that defendants school district and teacher violated the mandatory duty provision of Government Code section 815.6 by subjecting him to prohibited physical and psychological abuse in violation of, *inter alia*, the California Constitution and various provisions of the Education Code. Id. at 1238-39.  Despite this prohibition, the court held that,

> [Education Code sections 49000 and 49001] are clearly prohibitory in effect; they set forth an express statutory prohibition on certain conduct, with certain enumerated exceptions.  Although they may establish important rights and confer significant benefits on members of the public, they do *not* create any mandatory duty, affirmative duty on the part of public schools and school districts to take action or carry out measures to ensure that students are never subjected to corporal punishment by teachers.

Id. Thus, because Education Code sections 49000 and 49001 merely *prohibit* certain conduct as opposed to *creating* a mandatory duty, Government Code section 815.6 is inapplicable and the application of immunity appropriate. Id. at 1240.  Therefore, as demonstrated in Clausing, Government Code section 815.6 is inapplicable to statutes which prohibit certain conduct, even when they undisputably apply only to government entities and/or employees.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEF'S REPLY TO PLF'S OPP'N TO  MTN TO DISMISS**
00380153.WPD
- 10 -

Similar to Clausing, there is nothing in Penal Code section 4030 that imposes a "mandatory duty" on GROSSI and MOORE. At most, Penal Code section 4030 arguably is analogous to the provisions of the Education Code analyzed in Clausing only in that it prohibits certain conduct regarding strip searches. Plaintiff relies most heavily on Alejo v. City of Alhambra, 75 Cal.App.4th 1180 (1999) to support her contention that "[t]he immunity statutes do not bar liability for breach of a mandatory law enforcement duty." Pltf's Opp'n 19, (citing Alejo, 75 Cal.App.4th at 1194). However, Alejo does not hold that the general liability provisions set forth in Government Code section 815.6 override the more specific discretionary immunities set forth in the remainder of the Government Code. Rather, the court distinguished the conduct at issue from discretionary acts that are entitled to immunity: "[a]s explained above, this case does not involve the exercise of discretion on the part of [the defendant] or failure to enforce the law, but rather a failure to comply with a mandatory duty imposed by law." Alejo, 75 Cal.App.4th at 1194. Moreover, Alejo is wholly distinguishable because the court specifically found that the statute at issue, Penal Code section 11166(a), actually created a mandatory duty to investigate child abuse, as opposed to a statute like Penal Code section 4030 that merely prohibits certain conduct. See Id. at 1186-87.

Here, unlike Alejo, neither Defendants GROSSI and/or MOORE are no allegations they breached any mandatory duty imposed by law. Rather, the only allegations against these Defendants is that they performed the discretionary function of setting policy. Nothing in Penal Code Section 4030 imposes a mandatory duty on Defendants GROSSI and/or MOORE to perform some affirmative act. Thus, Penal Code section 4030 does not divest GROSSI and/or MOORE of the discretionary immunity entitled to them by under Government Code section 820.2 and 821for making basic policy decisions. Therefore, Plaintiff has failed to demonstrate that any acts alleged against Defendants GROSSI and/or MOORE that outside the ambit of a discretionary function for which they are immune. Accordingly, Defendants GROSSI and MOORE respectfully submit that all claims asserted against them arising under

**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00380153.WPD

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
- 11 -

1 state law should be dismissed.

2 **C.    The Discretionary Immunity Set Forth In California Government Code Section 820.2 and 821 is Not Rendered Inapplicable by Penal Code Section 4030 and/or Civil Code Section 52.1**

Once again, Plaintiff fails to acknowledge the analysis of the California Supreme Court in the seminal case of Caldwell v. Montoya. Plaintiff again relies on the same two Appellate court opinions which were distinguished by Caldwell in concluding that the general rules of actionable duty do not supercede or invalidate the specific immunities provided in the California Tort Claims Act.

However, Caldwell distinguished the holdings of Southern California Rapid Transit Dist. v. Superior Court, 30 Cal.App.4th 713 (1994) and Shoemaker v. Myers, 2 Cal.App.4th 1407 (1992), by reasoning that "[t]he statute underlying the *Shoemaker* suit subjected 'any' state 'officer or employee' to direct civil liability for using official power against the efforts of another state officer or employee to report job-related violations of law to appropriate agencies." Caldwell at 986. Thus, the statutes at issue in Southern California Rapid Transit Dist. and Shoemaker specifically authorized direct liability against a state "officer or employee." Penal Code section 4030 does not.

Additionally, the stated purpose of the Legislature in enacting the whistleblower statute at issue in Southern California Rapid Transit Dist. and Shoemaker was "to hold all state officers and employees personally accountable for harming their whistleblowing colleagues." Caldwell, 10 Cal. 4th at 986 n.7. On the other hand, the Legislature did not express a specific intent to hold state officials, as opposed to employees who perform ministerial functions, personally accountable for violations of Penal Code section 4030. Rather, the Legislative purpose of Penal Code section 4030 is to "protect the state and federal constitutional rights of the people of California by establishing a statewide policy strictly limiting strip and body cavity searches." Cal.Pen.Code §4030(a). Nothing in the stated legislative purposes indicates that the Legislature intended to impose direct civil liability against government officials who perform discretionary functions.

Plaintiff also argues that the discretionary immunity of Government Code section

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
00380153.WPD                - 12 -

820.2 is rendered inapplicable because "the statute imposes a legal duty to abstain from engaging in or *authorizing* such searches, and the statute provides civil express civil remedies when its provisions are violated." Pltf's Opp'n 20. Plaintiff can only be referring to Penal Code section 4030(n), which imposes *criminal* penalties against a person who "knowingly and willfully authorizes or conducts" a strip search. Cal.Pen.Code §4030 (n). Penal Code section 4030(p), which generally authorizes civil remedies, has no such provisions. Additionally, the term "authorizes" is a term of art directed at specific personnel of a jail and/or juvenile hall. In that regard, Penal Code section 4030(f) prohibits certain strip searches "without the prior written authorization of the <u>supervising officer on duty</u>." Cal.Pen.Code §4030(n) (emphasis added). Additionally, Penal Code section 4030(g)(2) prohibits placing a person in general jail population under certain circumstances[5] without "prior written authorization documenting...the emergency." Thus, if any legislative intent can be gleaned from harmonizing the criminal penalties of Penal Code section 4030(n) with the civil remedies of Penal Code section 4030(p), it is that the criminal and civil penalties are directed at those line officers who conduct strip searches and those supervising officers who authorized them. Therefore, the use of the term "authorizes" does not evidence an express legislative intent to withhold or withdraw the immunity of Government Code section 820.2 for government officials who perform the discretionary function of setting policy.

There also is no provision in Civil Code section 52.1 that evidences a "clear indication of legislative intent that *statutory immunity is withheld or withdrawn*." See <u>Caldwell</u>, 10 Cal. 4th at 986. Like Penal Code section 4030, Civil Code section 52.1 generally states that "[a]ny individual whose exercise or enjoyment of rights...has been interfered with...may institute and prosecute in his or he own name and on his or her own behalf a civil action for

---

[5]Penal Code section 4030 does not generally prohibit strip searches of inmates in a county jail but rather only prohibits strip searches prior to placement in the general jail population. See Penal Code section 4030(f). Thus, the legislative intent to impose criminal penalties on a person who improperly "authorizes" the placement of an inmate in the general jail population is consistent with the legislative purpose of limiting certain strip searches because a strip search is authorized when an inmate is placed in the general population.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
00380153.WPD - 13 -

1 damages..." Cal.Civ.Code §52.1(b). Unlike the whistle-blower statute in Shoemaker, Civil Code section 52.1 does not specifically authorize a suit against "any state officer or employee" but rather generally authorizes an individual to institute and prosecute a civil action in his or her own name and on his or her own behalf. There is no statutory language or binding judicial precedent to support Plaintiffs assertion that the immunities of the Government Code are inapplicable to Section 52.1. Thus, plaintiffs cannot demonstrate a "clear indication of legislative intent" that Civil Code section 52.1 was intended to withdraw the discretionary immunities set forth in California Government Code sections 820.2 and/or 821.

Plaintiff cites Doe v. Petaluma City Sch. Dist. 830 F. Supp. 1560 (N.D. Cal. 1993) as her sole basis to support the argument that immunity is not available for a violation of Civil Code section 52.1. Although the Doe court found that immunity is unavailable for a state claim arising under Civil Code section 52.1, it did not engage in extensive analysis. Notably, the court recognized that neither party raised the issue of immunity under state law but rather concluded *sua sponte*, and without the benefit of briefing and/or argument, that immunity was unavailable for a claim arising under Civil Code section 52.1. Id. at 1582. In fact, just as like the Plaintiff, the Doe court failed to cite and/or address the holding of the California Supreme Court in Caldwell v. Montoya. Thus, just like the analysis of Plaintiff, the analysis of the Doe court is fatally flawed because it failed to give the proper deference to the California Supreme Court when interpreting California law. Therefore, Doe is neither persuasive or instructive on the issue of whether state law immunities apply to a claim arising under Civil Code section 52.1.

There are no allegations against Defendants GROSSI and/or MOORE for abusing their official power under a whistle-blower statute or any statute analogous thereto. The only allegations against these Defendants are that they set policy for the Juvenile Hall. Performance of this function is exactly the type of action subject to the discretionary immunity of Government Code sections 820.2 and 821. Therefore, Defendants respectfully submit that Sections 820.2 and 821of the Government Code grants absolute immunity to

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
00380153.WPD                - 14 -

1  Defendants GROSSI and MOORE and therefore, that all claims arising under State law
2  against them should be dismissed.  In addition, because Penal Code section 4030 does not
3  demonstrate an "express legislative intent" to withdraw the absolute immunity by
4  Government Codes section 820.2 and 821, Defendants specifically submit that the Section
5  4030 claim asserted against SOLANO COUNTY should be dismissed.

**D.  Government Code Section 820.8 Grants Immunity To Defendants GROSSI and/or MOORE For Claims Arising Under California Law**

Plaintiff has failed to dispute that Defendants GROSSI and/or MOORE are immune for the acts of other public employees pursuant to Government Code section 820.8.  Plaintiff argues that she

> does not claim that Solano County Chief Probation Officer Grossi and Juvenile Hall Superintendent MOORE a liable solely because subordinate officers conducted strip searches of the plaintiff and class members.  Rather, plaintiff alleges that GROSSI and MOORE themselves were liable for 'making, promulgating, overseeing, enforcing and implementing' the illegal strip search procedures, practices, and customs which injured plaintiff and those she seeks to represent.

Plf's. Opp'n. at 22 (emphasis in original).  Based on that contention, Defendants GROSSI and/or MOORE are entitled to immunity pursuant to Government Code sections 820.8 and 821.

Plaintiff argues that Defendants GROSSI and/or MOORE are not exonerated "from liability for injury proximately caused by his own negligent or wrongful act."  Plf's Opp'n. at 22. In that regard, Plaintiff contends that Defendants GROSSI and/or MOORE may be held liable because "[s]ince at least 1933, government supervisors have been held liable for their own conduct in acquiescing and ratifying a subordinate officer's misconduct."  Plf's Opp'n at 22 (citing Wolfson v. Wheeler, 130 Cal.App. 475, 482, 19 P.2d 1004, 1008 (1933)). However, there are no allegations in this case of Defendants "acquiescing and ratifying a subordinate officer's misconduct," or any other allegation of personal involvement Defendants GROSSI and/or MOORE other than their participation in "making, implementing and overseeing" the strip search policy at the Juvenile Hall.  As discussed above, Defendants are entitled to discretionary immunity for that function.  Because there are no allegations of

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00380153.WPD

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
- 15 -

personal involvement outside of their discretionary function (for which they are immune) Defendants GROSSI and/or MOORE cannot be held liable for the acts of another public employee. Cal.Gov.Code §820.8. <u>Martinez v. Cahill</u>, 215 Cal.App. 2d 823, 824 (1963). Therefore, Defendant GROSSI and/or MOORE are immune from suit for any claims arising under state law and Defendants respectfully request that those claims be dismissed.

**E.  The Plain Statutory Language and Purpose of California Civil Code Section 52.1 Precludes Class Relief**

It is well established that "courts must 'presume the Legislature intended everything in a statutory scheme...'" Plf's Opp'n 14, citing <u>In Re Christian S.</u>, 7 Cal.4th 768, 776 (1994). Plaintiffs contend that the specific provision of Civil Code section 52.1, which authorizes only individual relief, is somehow superceded by the more general provision of the Code of Civil Procedure section 367, which requires that "[e]very action must be prosecuted in the name of the real party in interest." Plaintiff contends that the words "in his or her own name" are merely procedural and therefore have no application other than to generally authorize a real party in interest to commence and maintain a civil action. Notably, Plaintiff simply ignores the limiting phrase "and on his or her own behalf." The use of the phrase "on his or her own behalf" precludes a plaintiff from instituting and prosecuting a civil action on behalf of herself and all those similarly situated, as Plaintiff seeks to do here. Plaintiff has failed to offer any reasonable interpretation of this language that would authorize relief on behalf of a class of persons without rendering the limiting term "on his or her own behalf"meaningless.

In addition, the clear intent of the Legislature is demonstrated by harmonizing the phrase "on his or her own behalf" in Civil Code section 52.1(b) with the language of Civil Code section 52.1(a). Specifically, subsection (a) sets forth provisions for enforcing group rights by authorizing only the Attorney General, district attorneys, or city attorneys to bring a civil action "in the name of the people of the State of California against a person who interferes with the exercise or enjoyment of the rights of an individual <u>or individuals</u>." Cal.Civ.Code §52.1(a) (emphasis added). An individual is not authorized to bring an action

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00380153.WPD

**DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS**
- 16 -

on behalf of a group of individuals but rather is limited to bringing an action only "on his or her own behalf." Thus, the plain statutory language and purpose reserves the function of prosecuting representative claims under Section 52.1 to the state or local authorities, not an individual Plaintiff bringing a private action. Therefore, Defendants respectfully submit that the claims arising under Civil Code section 52.1 (including damages pursuant to Section 52) and asserted on behalf of absent class members must be dismissed because they are prohibited as a matter of law.

## VI.

## CONCLUSION

Based on all of the foregoing, Plaintiff's allegations against Defendants GROSSI, MOORE and COUNTY OF SOLANO in Count Two and Count Three of the Complaint do not state claims upon which relief may be granted and therefore the claims must fail as a matter of law.

Dated: August 17, 2005                    Respectfully Submitted,

PORTER, SCOTT, WEIBERG & DELEHANT
A Professional Corporation


By   /S/ TERENCE J. CASSIDY
     Terence J. Cassidy
     Keith E. Nourot
     Attorneys for Defendants
     SOLANO COUNTY; SOLANO
     COUNTY CHIEF PROBATION
     OFFICER GEMMA GROSSI and
     SOLANO COUNTY JUVENILE HALL
     SUPERINTENDENT GLADYS
     MOORE

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

DEF'S REPLY TO PLF'S OPP'N TO MTN TO DISMISS
00380153.WPD                                - 17 -