IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE TAGGART, a minor, by and through her Guardian Ad Litem, her custodial parent, Barbara Perry, on behalf of themselves and all those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SOLANO COUNTY; SOLANO COUNTY CHIEF PROBATION OFFICER GEMMA GROSSI, in her individual and official capacity; SOLANO COUNTY JUVENILE HALL SUPERINTENDENT GLADYS MOORE, in her individual and official capacity; and DOES 1 THROUGH 150,<br><br>    Defendants. | CIV-S-05-0783 DFL GGH<br><br>MEMORANDUM OF OPINION AND ORDER |

    Plaintiff Jasmine Taggart brings this action on behalf of herself and all those similarly situated against defendants Solano County (the "County"), Solano County Chief Probation Officer Gemma Grossi ("Grossi"), Solano County Juvenile Hall Superintendent Gladys Moore ("Moore"), and Does 1 through 150 for civil rights violations arising from the use of strip searches at

1

the Solano County Juvenile Detention Center (the "Center"). Taggart seeks compensatory and punitive damages, declaratory and injunctive relief, and attorney's fees and costs under 42 U.S.C. § 1983, California Penal Code § 4030, and California Civil Code § 52.1.

Defendants move to dismiss the state law claims on the following grounds: (1) Taggart's state law claims were not timely presented; (2) California Civil Code § 52.1 does not authorize a private citizen to bring a representative action; and (3) the California Government Code shields all defendants from liability.[1] For the reasons stated below, defendants' motion is GRANTED in part and DENIED in part.

I.

Taggart was fourteen years old in October 2003 when she was picked up as a runaway and transported to the Center. (Compl. ¶ 12.) She alleges that upon her arrival at the Center, she was strip searched in violation of California Penal Code § 4030. (Id.) Taggart reported the illegal strip search to her mother in August 2004. (Opp'n at 3.)

Taggart presented her claim and an application for leave to present a late claim to the Solano County Board of Supervisors (the "Board") on September 15, 2004. (Id.) On October 19, 2004, the Board sent Taggart a letter denying her application to present a late claim. (Id. at 4.)

---

[1] Defendants do not move to dismiss the Section 1983 claims.

2


Following the Board's rejection of her application to present a late claim, Taggart petitioned the state court for relief from the claim presentation requirement. (Id.) The state court granted Taggart's petition on February 23, 2005. (Id.) Taggart filed her complaint on April 21, 2005. (Id.)

## II.

On a motion to dismiss, the allegations in the complaint are accepted as true. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733 (1964). Claims may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99 (1957). Defendants have demonstrated that even under this liberal standard, Taggart's state law claims for damages cannot survive.

A.   State Law Claims for Damages

The California Tort Claims Act (Cal. Gov't Code §§ 810 *et seq.*)("CTCA") prescribes the process for bringing a claim for damages against a public entity in California. The CTCA requires that, before filing suit, an individual seeking to recover in tort against a public entity must present her claim to the entity "not later than six months after the accrual of the cause of action." Cal. Gov't Code §§ 905, 911.2, 945.4. If the claimant fails to present her claim within six months of the accrual date, the claimant can apply to the public entity for leave to file a late claim. Id. § 911.4. If the public entity denies the application, the claimant can petition a court for relief from

the claim presentation requirement. Id. § 946.6. If the court grants the petition, the claimant then must file the complaint within thirty days of the court's order, otherwise the action is time-barred. Id. § 946.6(f); Mandjik v. Eden Township Hosp. Dist., 4 Cal.App.4th 1488, 1498 (1992)("The 30-day time limit set forth in section 946.6, subdivision (f), is a statute of limitations."); Todd v. Los Angeles, 74 Cal.App.3d 661, 664-66 (1977) (court barred action brought more than thirty days after plaintiff obtained relief under Section 946.6 despite minority of claimant and negligence of attorney); Tuolomne Air Serv. v. Turlock Irrigation Dist., 87 Cal.App.3d 248, 251-52 (1978) (court granted demurrer against plaintiff who failed to file complaint within thirty days of order granting relief under Section 946.6).

Defendants argue that Taggart's state law claims are time-barred because she did not present them to the County within six months of the date her cause of action accrued and she failed to file the complaint within thirty days of the state court's order granting her petition. (Mot. at 4.) Taggart contends that her state law claims are timely because she presented them in accordance with the CTCA and she filed her complaint within two years of the date her cause of action accrued. (Opp'n at 5-11.) Taggart is mistaken.

1.  Taggart Did Not Present a Timely Claim to the County

Taggart was required to present her claim to the County within six months of the date her cause of action accrued. Cal. Gov't Code § 911.2. Taggart presented her claim to the County in

4

1 September 2004, almost eleven months after she was searched at
2 the Center.  (Id. at 3.)  However, Taggart argues that her claim
3 is timely because her cause of action did not accrue on the date
4 she was strip searched.  (Id. at 6.) Instead, she contends that
5 it accrued in August 2004 when she notified her mother about the
6 strip search.  (Id. at 6-8.)  Based on this reasoning, Taggart
7 concludes that her claim met the six-month limitations period set
8 forth in Section 911.2.  (Id.)

9     Taggart bases her argument on the "delayed-discovery
10 doctrine."  (Id.)  Generally, a tort claim accrues on the date of
11 the injury.  Soliman v. Philip Morris, Inc., 311 F.3d 966, 971
12 (9th Cir. 2002).  However, the date of accrual may toll in
13 certain situations that are subject to the delayed-discovery
14 doctrine.  See Neel v. Magana, Olney, Levy, Cathcart & Gelfund, 6
15 Cal.3d 176, 190 (1971); Cain v. State Farm Mut. Auto. Ins. Co.,
16 62 Cal.App.3d 310, 314-15 (1976).  Under this doctrine, the
17 accrual date for a cause of action is the date "the plaintiff
18 knows, or should know, all material facts essential to show the
19 elements of [the] cause of action."  Neel, 6 Cal.3d at 190.

20     Taggart claims that the delayed-discovery doctrine should be
21 applied here because she was too young to know that what had been
22 done to her was illegal.  (Opp'n at 6-8.)  To support this
23 assertion, she cites Curtis T. v. County of Los Angeles, 123
24 Cal.App.4th 1405 (2004).  (Id.)  In Curtis T., a guardian ad
25 litem brought a claim against Los Angeles County on behalf of an
26 8-year old child who had been molested at age five.   123

5

Cal.App.4th at 1412-13. Although the injury occurred three years before the guardian presented the child's claim to the public entity, the California Court of Appeal held that the claim was timely. Id. at 1422-23. Applying the delayed-discovery doctrine, the court found that the claim accrued on the date the child's guardian learned about the incident. Id. However, because the California Supreme Court declined to apply the delayed-discovery doctrine in John R. v. Oakland Unified Sch. Dist., 48 Cal.3d 438 (1989), the Court of Appeal stressed that its decision was limited to situations where, "given his youth, ignorance, and inexperience," a plaintiff can truthfully allege "that he lacked a real awareness, until his mother's discovery of the alleged molestation, that what happened to him between the ages of five and eight was wrong." Id. at 1409.[2]

John R. involved a 14-year old boy who was molested by a teacher. 48 Cal.3d at 442. The boy did not report the event to his parents until after the claim presentation period had elapsed. Id. at 443. The lower court held that the plaintiff's claim was timely under the delayed-discovery doctrine. Id. at 444. The California Supreme Court did not agree. Id. It stated that the applicability of the delayed-discovery theory of accrual "raised a serious question in our minds . . . on the facts of this case." Id. It declined to affirm the Court of Appeal's

---

[2] Unlike actions against private parties, the statute of limitations for a minor's claim against a public entity is not automatically tolled until the minor reaches the age of majority. See Cal. Code Civ. Proc. § 352(b).

6

approach and applied the doctrine of equitable estoppel instead. Id.

Examining the facts of this case through the lens of John R. and Curtis T. reveals that the delayed-discovery doctrine does not apply to Taggart's claim. Not only has the California Supreme Court shown a reluctance to apply the doctrine to claims brought on behalf of a minor against a public entity, but, even if the holding of Curtis T. were the law in California, it would not toll Taggart's accrual date.

Taggart does not state that she delayed reporting the strip search to her mother because she lacked a real awareness that what happened to her was "wrong" as that term is used in Curtis T. Instead, she decided not to notify her mother because she did not know that the searches were illegal and she "was embarrassed and humiliated by the strip search procedure." (Opp'n at 3.) Being unaware that an action is illegal is quite different from being too young to comprehend that an action is wrong. Because Taggart does not allege that, at the time of the strip search, she was too young to comprehend the material facts constituting her cause of action, and because she does allege that she was embarrassed and humiliated by the search, the delayed-discovery doctrine is inapplicable.[3] Therefore, Taggart's claim accrued when she was strip searched.

---

[3] Curtis T. is further distinguishable on its specific facts: the injury occurred to a very young child and was inflicted in the presence of an adult foster parent. See Curtis T. 123 Cal.App.4th at 1411-12.

7

1   The CTCA required Taggart to present her claim to the County
2 within six months of the date her cause of action accrued.  Cal.
3 Gov't Code § 911.2.  Taggart failed to do so.  Therefore, her
4 September 2004 claim was untimely.

5   However, as described above, the CTCA provides a process for
6 obtaining leave from the claim presentation requirement.  Taggart
7 initiated this process by applying for leave to present a late
8 claim.  The County denied her application.  Taggart petitioned
9 the state court for relief from the presentation requirement.  On
10 February 23, 2005, the state court granted Taggart's petition.
11 (Id. at 4.)  At that point, Taggart had thirty days to file her
12 complaint.  Cal. Gov't Code § 946.6(f).  Taggart filed her
13 complaint on April 21, 2005, several weeks after the 30-day
14 deadline.  Had Taggart filed her complaint within the 30-day
15 window established by the CTCA, then her failure to present a
16 timely claim would not have barred her suit against the County.
17 But because Taggart did not timely present her state law claims
18 to the County and because, having initiated the process for
19 relief from the claim presentation requirement, she failed to
20 follow through with a timely filing, her state law claims must be
21 dismissed.[4]  See Todd 74 Cal.App.3d at 664-66.

---

[4] Taggart makes the further argument that her failure to present her claim within six months of its accrual is not a bar because the County did not reject her claim in writing and she filed her complaint within two years of the date her cause of action accrued.  She relies on language in § 945.6(a)(2) which states: "If written notice is not given in accordance with section 913, within two years from the accrual of the cause of action."  She also cites Jenkins v. County of Contra Costa, 167

8

2. <u>Claims That Are Barred Against a Public Entity Are Barred Against Its Employees</u>

Section 950.2 states that "a cause of action against a public employee . . . for injury resulting from an act or omission in the scope of employment as a public employee is barred if an action against the employing public entity for such injury is barred." Taggart's claim against the County is barred because she failed to comply with the CTCA. Therefore, under the settled law of California, Taggart's claims for damages against the individual public employees must be dismissed. <u>See</u> <u>Williams v. Horvath</u>, 16 Cal.3d 834, 838 (1974) (holding that a claimant must present a timely claim to the public entity before bringing a tort action against the entity or its employee).

B. <u>Claims for Declaratory and Injunctive Relief</u>

The claim presentation requirement of the CTCA applies to "all claims for money and damages." Cal. Gov't Code § 905. However, it does not apply to claims for declaratory and injunctive relief. <u>Minsky v. Los Angeles</u>, 11 Cal.3d 113, 121 (1974). Therefore, Taggart's request for declaratory and

---

Cal.App.3d 152 (1985), to support this proposition.
<u>Jenkins</u> is inapplicable here. In that case, the claimant presented a timely claim to the public entity. 167 Cal.App.3d at 156. Therefore, the claimant's petition for relief from the claim presentation requirement was unnecessary. <u>Id.</u> Moreover, § 945.6 begins "except as provided in Sections 946.4 and 946.6." By this language the 30 day period in § 946.6 takes precedence over the two year period in § 945.6(a)(2). Finally, the County did not ignore plaintiff's filing. Once it had denied her request to file out of time, no further action by the County was called for. The County's failure to reach the merits of an untimely claim does not convert an untimely claim into a timely one.

9

injunctive relief under California Civil Code § 52.1 is not barred, even though she failed to timely present her claim to the County.

Defendants argue that, even if the claims are not barred by the CTCA, they are immune to suit under California Government Code §§ 815.2, 818.2, 820.2, 820.8, 821, 844.6. This argument fails because none of these sections applies to claims for declaratory and injunctive relief. See Cal. Gov't Code § 814; Rodriguez v. Cal. Highway Patrol, 89 F. Supp. 2d 1131, 1138 (N.D. Cal. 2000). Therefore, defendants are not shielded from Taggart's claims for declaratory and injunctive relief under these statutes.

C.   Representative Actions Under California Civil Code § 52.1

Taggart seeks to recover damages under California Civil Code § 52.1 on behalf of herself and all those similarly situated. (Compl. ¶ 21.) Defendants argue that individuals are not authorized to bring a representative action under that section. (Mot. at 12.) Taggart contends that a class action is permissible because all class members have standing to sue under Section 52.1, and class actions are a procedural device for joining real parties in interest. (Opp'n at 23.)

Section 52.1(b) provides:

> Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil

10

>     action for damages, including, but not limited to,
>     damages under Section 52, injunctive relief, and any
>     other appropriate equitable relief to protect the
>     peaceable exercise of the enjoyment of the right or
>     rights secured.

Although neither party cites a case directly on point, a plain reading of the statute reveals that Section 52.1(b) does not encompass class actions.  The statute specifies that an individual may bring a civil action "on his or her own behalf."  In addition, Section 52.1(a) authorizes the Attorney General, district attorneys, and city attorneys to bring claims "in the name of the people of the State of California against a person who interferes with the exercise or enjoyment of the rights of an individual or individuals."  Thus, the legislation addresses representative actions but only provides for such actions under Section 52.1(a), not Section 52.1(b).  Because the language and structure of the statute reveal that Section 52.1(b) does not authorize a representative action, the Section 52.1(b) class claim is dismissed.  Taggart's individual claim for declaratory and injunctive relief under Section 52.1(b) survives.

///

///

///

///

///

///

///

III.

For the reasons stated above, defendants' motion to dismiss Taggart's state law claims for damages and her class claim under Section 52.1 is GRANTED and defendants' motion to dismiss the state law claims for declaratory and injunctive relief is DENIED.

IT IS SO ORDERED.

Dated: 12/6/2005

_____
DAVID F. LEVI
United States District Judge