**PORTER, SCOTT, WEIBERG & DELEHANT**
A Professional Corporation
Terence J. Cassidy, SBN 099180
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (Facsimile)

Attorneys for Defendants SOLANO COUNTY; SOLANO COUNTY CHIEF PROBATION OFFICER GEMMA GROSSI and SOLANO COUNTY JUVENILE HALL SUPERINTENDENT GLADYS MOORE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE TAGGART, a minor, by and through her Guardian Ad Litem and custodial parent Barbara Perry, on behalf of themselves and all those similarly situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SOLANO COUNTY; SOLANO COUNTY CHIEF PROBATION OFFICER GEMMA GROSSI, in her individual and official capacity; SOLANO COUNTY JUVENILE HALL SUPERINTENDENT GLADYS MOORE, in her individual and official capacity; and DOES 1 THROUGH 150,<br><br>　　　　　　Defendants.<br>_____/ | Case No.: 2:05-cv-00783-DFL-GGH<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY ADJUDICATION**<br><br>DATE:　　March 1, 2006<br>TIME:　　10:00 a.m.<br>JUDGE:　　David F. Levi<br>CTRM:　　7 |

///
///
///
///
///
///
///

Defendants SOLANO COUNTY, SOLANO COUNTY CHIEF PROBATION OFFICER GEMMA GROSSI and SOLANO COUNTY JUVENILE HALL SUPERINTENDENT GLADYS MOORE hereby submit the following reply to Plaintiff's opposition to Defendants' Motion for Judgment on the Pleadings and/or Summary Adjudication.

I.

## PLAINTIFF'S CLAIMS AGAINST DEFENDANTS GROSSI AND MOORE IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE ELEVENTH AMENDMENT

Defendants move for Judgment on the Pleadings and/or Summary Adjudication as to Defendants GROSSI and MOORE on the grounds that Eleventh Amendment bars any action against probation officers because California statutes and case law clearly indicate that probation officers act in loco parentis, act as part of the California Superior Court and are thus are arms of the State of California, not the local county. In opposition, Plaintiff do not appear to dispute that Defendants GROSSI and MOORE are the final policymakers for Solano County Juvenile Hall with respect to the policies at issue.

Instead, Plaintiff argues that Defendants GROSSI and MOORE are not entitled to immunity under the Eleventh Amendment because, (1) by acting *in loco parentis*, Defendants are more akin to local law enforcement (Plf's Opp'n p. 11-12), (2) California State law and other authorities supports a finding Defendants are actors of the County (Plf's Opp'n p. 8-11); and (3) the County will pay a money judgment (Plf's Opp'n p. 3-8). Defendants respectfully submit that Plaintiff's arguments fail.

A. **The Function of Standing *in Loco Parentis* Is a State Function Because the Probation Officer Represents the State of California, Not the Local County**.

Plaintiff argues that the Eleventh Amendment does not apply because the state is not the only entity which may act in loco parentis, such as when local law enforcement officers exercise a common law role of "*parens patriae*" when they take a runaway into custody, and because the administration of a juvenile hall is a local function akin to a county sheriff administering the county jail. (Plf's Opp'n p. 3, fn. 3, 11-12). Defendants submit these arguments fail.

Plaintiff's bare assertion that the County could potentially act *in loco parentis* like law

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEFS' REPLY TO PLF'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLDGS/SA**
00415354.WPD                                    - 2 -

enforcement is unsupported by any authority. To the contrary, it has been recognized that local law enforcement do not act *in loco parentis*. See e.g. Castaldo v. Stone, 192 F. Supp. 2d 1124, 1144 (D. Colo. 2001) (noting no authority exists for the proposition that law enforcement acts in loco parentis). Moreover, the authority cited by Plaintiff only supports Defendants by reiterating that it is the State's *in loco parentis* powers over the juvenile, not the individual counties. Prince v. Commonwealth of Mass., (1943) 321 U.S. 158, 165 (referring to the state's role and authority, not local counties). Indeed, Plaintiff acknowledges that the Supreme Court of California has recognized that it is "the state, represented by the juvenile court and to probation officer, [which] stands *in loco parentis* to the minor." Plf's Opp'n p. 11, citing In Re Florence, 47 Cal.2d 25, 28 (1954). Additionally, Plaintiff's argument is fatally flawed because it assumes that the probation officer's function is based on the common law doctrine of *parens patriae* rather than the statutory scheme enumerated in the Welfare and Institutions Code. See Cal. Welf. & Inst. Code §§ 200 et seq. Under the statutory scheme in the State of California, any peace officer may take a juvenile into temporary custody if the officer has reasonable cause to believe that the juvenile is a runaway (WIC 601) or has committed a crime (WIC 602). There is no requirement that the officer take on the role of *parens patriae*, or take on any other parental function of that juvenile. Rather, the role of acting *in loco parentis* is reserved specifically for the probation officer. See Cal.Welf.&Inst.Code § 628. Pursuant to Welfare and Institutions Code section 628 the probation officer must investigate the circumstances of minor and determine if "continuance in the home is contrary to the minor's welfare..." Cal.Welf.&Inst.Code § 628. If the probation officer determines that continuance in the home is not contrary to the minor's welfare, then the Probation Officer must "immediately release the minor to the custody of his or her parent, legal guardian, or responsible relative. Id. Thus, the statutory scheme clearly demonstrates that the function of assessing the circumstances of the minor and determining if the state will commence its function of replacing the parent is reserved for the probation officer. Accordingly, it is the State, represented by the probation officer, who stands in loco parentis. Therefore, Defendants GROSSI and MOORE in their official capacity, act as officers of the State in exercising *in loco parentis* power and thus are entitled to Eleventh Amendment immunity.

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEFS' REPLY TO PLF'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLDGS/SA**
00415354.WPD         - 3 -

Plaintiff also asserts that a juvenile hall is analogous to a county jail. However, as pointed out in Defendants' moving papers, the function of a jail is "[f]or the detention of persons committed in order to secure their attendance as witnesses in criminal cases." Cal. Penal Code § 4000. A juvenile hall, on the other hand "shall not be in, or connected with, any jail or prison, and shall not be deemed to be, or treated as, a penal institution. It shall be a safe and supportive homelike environment." Cal. Welf. & Inst. Code §851. Thus, the actions of Defendants GROSSI and MOORE are more akin to a district attorney representing the state in a criminal proceeding. Weiner v. San Diego County, 210 F.3d 1025, 1031 (9th Cir. 2000). Accordingly, Defendants GROSSI and MOORE are entitled to Eleventh Amendment immunity and Defendants' Motion for Judgment on the Pleadings/Summary Adjudication should be granted.

**B.    The State Regulatory Scheme Regarding Conducting Strip Searches at a Juvenile Hall Demonstrates That Defendants GROSSI and MOORE Act on Behalf of the State of California, Not the County, When Performing the Specific Function of Setting Policy Regarding the Safety And/Or Security of a Juvenile Hall**

Plaintiff cites numerous authorities under state law to support their argument that a probation officer is an employee of a county, not the State, and is therefore a county official. However, the authority upon which Plaintiff relies does not address policies of the State of California regarding safety and/or security at a juvenile hall. Therefore, the authority cited by Plaintiff is inapplicable in determining whether Defendants herein acted on behalf of the State.

Plaintiff argues that Welfare and Institutions Code section 853 require counties, not the state, to establish and manage juvenile halls. Pls' Opp'n 6, 8. Based thereon, Plaintiff argues that Welfare and Institutions Code, along with various other statutory provisions that label a probation officer as a county employee, vest the management and control over a juvenile hall. However, nothing in that Section, however, allows the County Board of Supervisors to exercise any control of probation officer, superintendent, or any other personnel, regarding specific function of setting policy regarding the safety and/or security of a juvenile hall. The McMillian Court specifically addressed and rejected a similar argument regarding a provision in the Alabama code that required a county to provide the sheriff with "equipment, supplies, lodging, and reimbursement for expenses 'reasonably needed for the proper and efficient conduct of the affairs of the sheriff's department.'" McMillian, 520 U.S.

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEFS' REPLY TO PLF'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLDGS/SA**
00415354.WPD                - 4 -

at 791, citing, Ala. Code §36-22-3(4).  The Court concluded that "at most, this discretion would allow the commission to exert an attenuated and indirect influence over the sheriff's operations" Id. at 791-92.  Also, Welfare and Institutions Code section 852 clarifies any ambiguity that a County Board of Supervisors has management control of a juvenile hall.  Specifically, Welfare and Institutions Code section 852 states, "The juvenile hall shall be under the management and control of the probation officer."  Moreover, Welfare and Institutions Code Section 850 requires the county to "provide and maintain, at the expense of the county, in a location approved by the judge of the juvenile court...[for a] suitable house or place for the detention of wards." Cal. Wel. & Inst. Code §850 (emphasis added).  Plaintiff's reliance on Nichol v. Koster, 157 Cal. 416 (1910) and/or Gibson v. Civil Services Commission, 27 Cal.App. 396 (1915) is misplaced because both cases fail to address the central issue in this case: whether a probation officer acts on behalf of the state or county in setting policy regarding the safety and/or security at a juvenile hall.  Indeed, Nichol and Gibson define a probation officer as a county employee in distinguishable circumstances.  Further, Nichol and Gibson were decided long before the statutory scheme regarding probation officer's role in setting policy safety and/or security of a juvenile hall was enacted.  Specifically, in Nichol the court ruled on the issue of which agency, the county or state, was responsible for setting the salary of a probation officer.  Gibson, on the other hand, ruled on whether a county could modify the mode of appointment of a probation officer by provision of the county charter.  Finally, and perhaps most critically, both of those cases were decided long before the California Supreme Court determined that "[t]he state, represented by the juvenile court and the probation officer, stands *in loco parentis* to [a] minor."  Florence, 47 Cal.2d at 28.  Because Nichols and Gibson do not pertain to the primary issue of this case, they cannot be considered controlling or even persuasive precedent in the adjudication of Defendants' motion.  Finally, both Nichols and Gibson were decided prior to McMillian, and are thus not instructive or material because they do not address the Supreme Court's required analysis for determining whether a probation officer acts on behalf of a state or county for the specific purposes at issue herein.

    Additionally, the fact that a probation officer is employed by the probation department does not transform him or her into a local actor for all purposes.  In fact, that argument was rejected in

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**DEFS' REPLY TO PLF'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLDGS/SA**
00415354.WPD                                       - 5 -

1  both McMillian. McMillian v. Monroe County Alabama, 520 U.S. 781, 785, 138 L. Ed. 2d 1, 117
2  S. Ct. 1734 (1997) (noting that an official can be the policymaker for the state for one type of act and
3  the policymaker for the local government for another type of act). Plaintiff cites myriad authority
4  that a county probation officer is an employee of the county demonstrates that a county probation
5  officer is a local actor. Plaintiff's argument is incorrect because it fails to account for the fact that
6  the function of acting *in loco parentis* is reserved for the juvenile court and probation officer. The
7  mere labeling of a probation officer as a county employee does make her a local actor for all
8  purposes. Indeed, the Ninth Circuit has specifically held that a county prosecutor is a state actor in
9  determining whether to prosecute an individual. Weiner, 210 F.3d at 1031 (9th Cir. 2000); See also
10 Clark v. Tarrant County, 798 F.2d 736, 745 (5th Cir. 1986) (probation employees are employees of
11 the state for purposes of suits involving negligence or violation of state or federal constitutional
12 rights).
13        Pursuant to the analysis set forth in McMillian, the authority cited by Plaintiff fails to refute
14 the conclusion that probation officers act on behalf of the State of California in setting and
15 implementing policies regarding safety and/or security procedures in a juvenile hall. Therefore,
16 Defendants GROSSI and MOORE are entitled to Eleventh Amendment immunity and Defendants'
17 Motion for Judgment on the Pleadings/Summary Adjudication should be granted.

18 **C.  The Fact That a Money Judgment May Be Paid by the County Does Not Preclude a Finding That the Eleventh Amendment Bars a Claim Against Defendants MOORE and GROSSI in Their Official Capacities**
19

20        Plaintiff places great weight on the argument that any judgment will be paid by the County.
21 See Plf's Opp'n 3-8. However, the Ninth Circuit precedent decided after McMillian demonstrates
22 that a local official can act on behalf of the State of California even when a money judgment will be
23 paid by the local municipality. For example, in Weiner v. San Diego County, 210 F.3d 1025 (9th
24 Cir. 2000) the Ninth Circuit engaged in a pure McMillian analysis and held that a California district
25 attorney is a state officer when deciding whether to prosecute an individual. Weiner, 335 F.3d at
26 1031. The Ninth Circuit in Weiner did not even address the issue of the County of San Diego's
27 obligation to pay a money judgment. Thus, the fact that the COUNTY OF SOLANO may pay a
28 money judgment if Plaintiff TAGGART is successful does not demonstrate that Defendants GROSSI

LAW OFFICES OF
**PORTER, SCOTT, WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEFS' REPLY TO PLF'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLDGS/SA**
00415354.WPD                                - 6 -

1  and MOORE act on behalf of th COUNTY OF SOLANO when they set policy regarding the safety
2  and security of the Juvenile Hall.  Therefore, Defendants GROSSI and MOORE are entitled to
3  Eleventh Amendment immunity and Defendants' Motion for Judgment on the Pleadings/Summary
4  Adjudication should be granted.

**D.    The Recent Ruling by District Judge Damrell in *Robinson v. County of Sacramento* Does Not Control the Outcome of this Case.**

Defendants recognize that District Judge Damrell recently issued a ruling that the Probation Officer of Sacramento County acts on behalf of the County, not the State, when setting policies regarding the safety and/or security of a juvenile hall. See Robinson v. Sacramento County, No. Civ. S-04-1617 FCD PAN, 02/04/2005 Mem. Order ("Robinson Order"), See Plaintiff's Exhibit B. However, Defendants respectfully submit that the Robinson Order is in error, or is distinguishable.

Specifically, the Court relied heavily on the ruling of Northern District Judge Jenkins in Chatoian v. County of Marin, Civ. 04-2790 MJJ which held that a county sheriff acts on behalf of the county, not the state, in setting policies at a county jail. Robinson Order, 8-9. The District Court did not analyze the unique role of a probation officer representing the state standing *in loco parentis* to delinquent juveniles. More specifically, the District Court in the Robinson Order relies on several provisions of the Welfare and Institutions Code that do not support the conclusion that a probation officer acts on behalf of the county. For example, the District Court in the Robinson Order relied on Welfare and Institutions code section 270 which "states that a probation officer is an officer of the county..." Robinson Order, 11. However, this section does not expressly declare that a probation officer acts on behalf of the county in all functions. Equally important, it is the State, through the juvenile court judge, who has the power to remove the probation officer. Cal. Welf. and Inst. Code § 270. Moreover, the McMillian court specifically cautioned against relying on labels instead of the official function that is performed by the particular official. McMillian, 520 U.S. at 786.

Additionally, the District Court in the Robinson Order also relied on Welfare and Institutions Code section 850 which requires the county board of supervisors to provide and maintain the juvenile hall at the expense of the county. Robinson Order, 11. This argument was also rejected by McMillian. McMillian 520 U.S. at 791-92 (County Commissioner's discretion to deny funds to a

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

sheriff does not translate into control over him). Finally, the recent decision by Northern District Judge Whyte in Walker v. County of Santa Clara also demonstrates that the Ninth Circuit precedent in these matters has been called into question by the California Supreme Court's decision in Venegas. Therefore, Defendants respectfully submit that the Robinson Order erred or is distinguishable in determining that a probation officer acts on behalf of the county, not the state, when implementing policies regarding the safety and/or security of a juvenile hall. Therefore, not only is this court not bound by its finding or analysis, but also the unique facts of this case require separate analysis under McMillian.

## II.

## DEFENDANTS GROSSI AND MOORE ARE ENTITLED TO QUALIFIED IMMUNITY

Assuming the court does not grant the motion on Eleventh Amendment grounds, Defendants GROSSI and MOORE are entitled to qualified immunity for the alleged unlawful strip searched at the Juvenile Hall on or about October 27, 2003 because there was no clearly established case law at the time the subject-incident occurred that would establish that the actions of GROSSI and/or MOORE were unlawful. In opposition, Plaintiff relies on Flores v. Immigration and Naturalization Service, 681 F.Supp.665 (C.D Cal. 1988) for the proposition that authority exists clearly establishing that strip searching juveniles in juvenile hall is unconstitutional. Defendants submit Plaintiff's argument fails.

The District Court decision in Flores has an extensive subsequent appellate history. It was reversed by a Ninth Circuit panel, affirmed by an *en banc* panel of the Ninth Circuit, and then again reversed by the United States Supreme Court in Flores v. Reno, 507 U.S. 292; 113 S. Ct. 1439 (1993). The Supreme Court in Flores did not hold that strip searching juveniles is unconstitutional. Moreover, Flores involved INS detainees, not juveniles housed in a juvenile hall. Thus, Flores does not establish that the law regarding the standard of conducting strip searches of juveniles was clearly established in the Ninth Circuit.

Equally important, Plaintiff's fail to cite to competent authority within this district establishing that under the facts and circumstances of this case, there is clearly established case law that would place a reasonable officer on notice that allegedly conducting strip searches in connection

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEFS' REPLY TO PLF'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLDGS/SA**
00415354.WPD         - 8 -

with their role of acting *in loco parentis* was or could have been unlawful. As noted in Defendants' moving papers, in Brosseau, the United States Supreme Court determined that plaintiff failed to cite to "particularized" or specific case law because none of the three cases cited by the plaintiff "squarely governs the case here." Id. Specifically, the three cases cited by Plaintiff did not demonstrate that the defendant's actions fell in the 'hazy border' between excessive and acceptable force." Id. Plaintiff argues that the law regarding juvenile strip searches was clearly established in the Ninth Circuit in October of 2003 based on the decision in Giles v. Ackerman, w746 F.2d 614 (9th Cir. 1984) where the Ninth Circuit held that reasonable suspicion is necessary to strip search an adult arrestee brought to a county jail. This case does not clearly establish that the same reasonable suspicion requirement is necessary to strip search juveniles who are brought into a juvenile hall. Thus, it is not "particularized" enough to clearly establish that the same standards apply to juveniles taken to a juvenile hall.

Plaintiff's argument that the law was clearly established based on Penal Code section 4030 is equally misguided. Plaintiff argues that Penal Code section 4030 prohibits intake strip searches of juveniles unless there is reasonable suspicion to believe that the minor is in possession of a weapon or contraband. Plaintiff fails to acknowledge that there is an exception to the reasonable suspicion requirement for those juveniles who are housed in the general population. In fact, that exception was set forth in an opinion of the Legislative Counsel. See Req.Jud.Not. Ex. A. Furthermore, Northern District Judge Breyer recently ruled that when an inmate is strip searched as part of the "dress in" procedure, Penal Code section 4030. Req.Jud.Not. Ex. B, Bull v. City and County of San Francisco, No. C 03-01840 CRB, 21-22 (N.D. Cal. 2005).

Additionally, it is well settled that violations of state law alone are insufficient to establish a violation of section 1983. See Picray v. Sealock, 138 F.3d 767, 770 (9th Cir. 1998); accord May v. Baldwin 895 F.Supp. 1398, 1401 n.1 (D. Or. 1995) ("[O]nly violations of the federal constitution or federal law are cognizable under 42 U.S.C. § 1983, not state law violations."); see also Dirruthy v. Pastor, 351 F.3d 1080, 1092 (11th Cir. 2003) (The fact that a police officer may have violated a local policy regarding warrantless arrests does not overcome qualified immunity); Fenner v. Dawes, 784 F.Supp. 404, 411 (E.D. Va. 1990) ("The question in a § 1983 case is not whether state law or

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEFS' REPLY TO PLF'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLDGS/SA**
00415354.WPD             - 9 -

1  local policy has been violated, but whether federal constitutional rights have been abridged."). Thus,
2  Penal Code section 4030 cannot and does not demonstrate that reasonable suspicion is required
3  before an intake search can be performed in the absence of reasonable suspicion at a juvenile hall.
4      Lastly, should the court determine there is a split in authority among the circuits, the law is
5  not "clearly established" in the Ninth Circuit until the Ninth Circuit decides the issue. See Robinson
6  v. Solano County, 278 F.3d 1007, 1016-17 (9th Cir. 2002) (en banc) (Deputy sheriff entitled to
7  qualified immunity for plaintiff's claim of excessive force where there was a split in authority in
8  other circuits as to whether the mere pointing of a gun could be a violation of the Fourth
9  Amendment). Here, Plaintiff argues that the law was clearly established based on the decision in
10 Smook v. Minnehaha County, 353 F.Supp.2d 1059 (S.D. SD 2005) which rejected N.G. and held
11 that the law was clearly established based on "general, well developed legal principles..." Smook,
12 353 F.Supp.2d at 1067. However, if anything, the decision in Smook is at odds with the decision
13 in N.G. and that split precludes a finding that the law was clearly established in the Ninth Circuit.
14 Robinson, 278 F.3d at1016-17. Moreover, the Smook decision was wrongly decided because it
15 relied on "general, well developed legal principles" rather than following the directive of the
16 Supreme Court in Haughn that there must be "particularized" case law in order to clearly established
17 law. Smook, 353 F.Supp.2d at 1067. In fact, the Smook does not even acknowledge or cite the
18 recent decision of the Supreme Court in Haughn. Therefore, Defendants respectfully submit that the
19 law was not clearly established
20     Based on the foregoing, Defendants GROSSI and MOORE respectfully request the court
21 grant their Motion for Judgment on the Pleadings and/or Summary Adjudication on Count One of
22 the Complaint of Plaintiff.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**DEFS' REPLY TO PLF'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLDGS/SA**
00415354.WPD     - 10 -

## III.

## **CONCLUSION**

Based on the foregoing, Plaintiff's allegations against Defendants GROSSI, MOORE and SOLANO COUNTY are entitled to Judgment on the Pleadings and/or Summary Adjudication for the claims asserted in Count One of the Complaint.

Dated: February 22, 2006                    Respectfully Submitted,

                                            PORTER, SCOTT, WEIBERG & DELEHANT
                                            A Professional Corporation


                                            By    /s/ TERENCE J. CASSIDY
                                                  Terence J. Cassidy
                                                  Attorney for Defendants
                                                  SOLANO COUNTY; GEMMA GROSSI and
                                                  GLADYS MOORE

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**DEFS' REPLY TO PLF'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLDGS/SA**

00415354.WPD                                - 11 -