IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASMINE TAGGART, a minor, by and through her Guardian Ad Litem, her custodial parent, Barbara Perry, on behalf of themselves and all those similarly situated,

    Plaintiffs,

    v.

SOLANO COUNTY; SOLANO COUNTY CHIEF PROBATION OFFICER GEMMA GROSSI, in her individual and official capacity; SOLANO COUNTY JUVENILE HALL SUPERINTENDENT GLADYS MOORE, in her individual and official capacity; and DOES 1 THROUGH 150,

    Defendants.

CIV-S-05-0783 DFL GGH

MEMORANDUM OF OPINION AND ORDER

    Plaintiff Jasmine Taggart brings this action on behalf of herself and all those similarly situated against defendants Solano County (the "County"), Solano County Chief Probation Officer Gemma Grossi ("Grossi"), Solano County Juvenile Hall Superintendent Gladys Moore ("Moore"), and Does 1 through 150 for civil rights violations arising from the use of strip searches at

1

the Solano County Juvenile Detention Center (the "Center"). Defendants move for judgment on the pleadings or summary adjudication on Taggart's 42 U.S.C. § 1983 claims. For the reasons stated below, the motions are DENIED.

## I.

Taggart was fourteen years old in October 2003 when she was picked up as a runaway and transported to the Center. (Compl. ¶ 12.) She alleges that upon her arrival at the Center, she was strip searched in violation of rights guaranteed by the Fourth and Fourteenth Amendments. (Id.)

## II.

Defendants argue that Taggart's § 1983 claims fail as a matter of law because Grossi and Moore are state policymakers shielded by the Eleventh Amendment and, as a result, neither they nor the County are subject to suit under § 1983. In the alternative, defendants argue that the claims against Grossi and Moore must be dismissed because they are entitled to qualified immunity.

A.   Eleventh Amendment Immunity

Defendants are entitled to Eleventh Amendment immunity if Grossi and Moore were acting on behalf of the State when they implemented the strip search policy at the Center. McMillian v. Monroe County, Alabama, 520 U.S. 781, 117 S.Ct. 1734 (1997). In their papers, defendants highlight several California statutes which indicate that Grossi and Moore could be state actors who are immune from § 1983 liability. Taggart responds by citing

2

numerous statutes and cases that support the opposite conclusion.

Importantly, neither party discussed several facts that could be crucial to making this determination, such as which entity oversees the implementation of intake policies at the Center, who approves these processes before they are implemented, and to whom Grossi and Moore report regarding the effectiveness of their policies at the Center.  Because state law does not clearly indicate whether Grossi and Moore act on behalf of the State or the County when establishing policies at the Center, the court will refrain from ruling on this issue until the parties develop additional facts.  As a result, the court denies defendants' claim for Eleventh Amendment immunity without prejudice to its renewal at a later date and invites defendants to reassert this claim after conducting sufficient discovery.

B.   Qualified Immunity

Defendants argue that Grossi and Moore are shielded from suit in both their personal and official capacities by the doctrine of qualified immunity.  As government officials, Grossi and Moore are entitled to qualified immunity unless their conduct violated a constitutional right that was "clearly established." Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001).

The record is not developed enough to decide this issue. The constitutionality of the search will depend in part on the particular facts and circumstances surrounding Taggart's strip search.  For example, the case may be very different depending on whether Taggart was to be released to the general population or

was held in a cell for release to her parents.  Without this information, the court is not in the position to decide whether Grossi and Moore are entitled to qualified immunity.  As a result, the court denies defendants' claim for qualified immunity without prejudice to its renewal at the soonest appropriate time.

## III.

For the reasons stated above, the defendants' motions are DENIED.

IT IS SO ORDERED.

Dated: 3/17/2006

_____
DAVID F. LEVI
United States District Judge

4